IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**TERRENCE K. BETHEA,**

      **Petitioner,**

    **v.**                                      **CIVIL ACTION NO. 3:07cv137**
                                                  **(Judge Bailey)**

**WARDEN JOYCE FRANCIS, et al.,**

      **Respondent.**

## REPORT AND RECOMMENDATION

### I. BACKGROUND

On October 22, 2007, the *pro se* petitioner filed an Application for Habeas Corpus pursuant to 28 U.S.C. §2241, seeking an order to compel the United States Parole Commission to issue a New Notice of Action that reflects credit for all time spent in custody. In addition, the petitioner seeks an order to compel the Bureau of Prisons ("BOP") to give him credit for various periods of custody and consider him for placement in a halfway house and allow him to go home after service of eight months. The petitioner paid the required filing fee on the same date that he filed his petition. By Order entered on October 30, 2007, this Court directed the respondent to show cause why the petition should not be granted. On January 14, 2008, the respondent filed a Motion to Dismiss, or in the Alternative, Motion for Summary Judgement. On January 15, 2008, a Roseboro Notice was issued. On January 25, 2008, the petitioner filed a memorandum in opposition to the respondent's motion, and on February 15, 2008, the respondent filed a reply.

### II. FACTS

On June 6, 1995, the petitioner was sentenced to a term of 3-9 years incarceration following the revocation of his probation in District of Columbia Case Number F5296-93(D). (Doc. 18-3, p.

1

9). The petitioner was re-paroled from his sentence on January 8, 1997. (Doc. 18-3, p. 11). At the time of his parole, the petitioner had a Full Term date of July 17, 2003. (Doc. 18-3. p. 13). Therefore, when the petitioner was released on parole, he had 2,381 days remaining to serve on his sentence. (Doc. 18-3, p. 15).

On September 28, 1998, a parole violator warrant was issued for the petitioner based upon violations of the condition of his parole. (Doc. 18-3, p. 11). The warrant was executed, and the petitioner was arrested on April 19, 1999. The BOP prepared a sentence computation for the petitioner, commencing the parole violator term on April 19, 1999, the date the parole warrant was executed, and indicating a term in effect of 2,381 days. (Doc. 18-3. p. 16). The petitioner's full term date was established as April 4, 2005. (Id.). After application of 625 days of Institution Good Time, 28 days of Education Good Time, and 211 days of extra Good Time was deducted, a mandatory parole date of November 22, 2002 was established. (Id.). The petitioner was released on November 22, 2002 via mandatory parole, with 964 Days remaining on his sentence. (Id.).

On September 20, 2004, a warrant was issued by the United States Parole Commission, charging the petitioner with violating the conditions of his release. (Doc. 18-3, p. 22). A warrant was executed on January 5, 2005, and the petitioner was committed to the D.C. jail as a parole violator. (Doc. 18-4, p. 2).

On March 21, 2005, the United States Parole Commission issued a Notice of Action revoking the petitioner's mandatory release. (Doc. 18-4, p. 4). The Commission further ordered that the time spent on mandatory release could not be credited, and granted re-parole effective August 17, 2005. (Id.). Following review by the National Appeals Board, a Notice of Action was issued on July 18, 2005, to correct the previous decision. This Notice ordered re-parole effective July 29, 2005. (Doc. 18-4, p. 7).

The petitioner was released on parole on July 29, 2005 and again violated the conditions of his release. Consequently, a warrant was issued for his arrest on February 28, 2007. (Doc.18-4, p. 15). The warrant was filed as a detainer on May 9, 2007. (Doc. 18-4, p. 18). Pre-sentence credit was applied from May 9, 2007, the date the warrant was filed as a detainer, to May 13, 2007, the day prior to execution of the warrant and commencement of the petitioner's current 650 day violator term. (Doc. 18-4, p. 13).

On June 1, 2007, a United States Parole Commission hearing examiner conducted the petitioner's probable cause hearing. (Doc.18-6, pp. 24-28). The petitioner admitted that he had changed residences without notifying his supervision officer and that he had been convicted of uttering. However, he disputed the Bureau of Prisons computation of his sentence. (Id.). On June 1, 2007, the petitioner signed an "Advanced Consent to Expedited Revocation Decision" which indicated that he was willing to accept revocation of his parole, forfeit all of the time spent on parole, and receive a parole date at the bottom of the re-parole guideline range, which would be determined by the Commission. (Doc. 18-6, pp. 30-31). Specifically, the Advanced Consent states: "My revocation offense severity has been tentatively determined as a category one or two," and I also agree to a parole date/term of imprisonment that will require me to serve no greater than the bottom of my guideline range." (Id.)

On June 11, 2007, a Commission hearing examiner reviewed the petitioner's case and determined that his offense severity category was category three and his salient factor score was four, establishing a guideline range of 18-24 months of incarceration. (Doc. 18-6, pp. 33-34). The hearing examiner recommended to the Commission that the petitioner receive a sanction of approximately 12 months of jail time, instead of 18-24 months, because the "amount of time the subject has remaining on his sentence is below the guideline range of 18-24 months. (Doc. 18-6,

p.36). Accordingly, the hearing examiner advised the Commission to approve the Advanced Consent and continue the petitioner to the expiration of his sentence. (Id.). On June 22, 2007, the Commission issued a Notice of Action approving the terms of the advanced consent, rating the petitioner's violation as category three, and continuing him to expiration based upon the hearing examiner's estimate that the petitioner would serve approximately 12-13 months before he reached his mandatory release date. (Doc. 18-6, pp. 38-39). The petitioner's projected mandatory release date was October 12, 2008 at the time he filed his pending §2241 petition.

After the petitioner filed his § 2241 petition, the Legal Office of the Commission referred the matter to the Commissioners for possible reopening pursuant to 28 C.F.R. § 2.28(a). The Commission did reopen the case and modified its previous decision because the advanced consent stated that the petitioner's revocation offense severity should be rated as either category One or Two. Therefore, the Commission erred when it rated his offense as Category Three. The Commission also determined that it erroneously ordered the petitioner to be continued to the expiration of his sentence based on the incorrect estimate that the petitioner would serve a total of 12-13 months before he reached his mandatory release date. Taking into consideration time served in custody since March 21, 2007, the petitioner would have actually served 18-19 months in jail if continued to his mandatory release on October 12, 2008. Inasmuch as the petitioner's proper guideline range is 12-16 months, and because the advanced consent shows that he consented only to a decision at the bottom of his guideline range, the Commission granted him a parole date of March 20, 2008. (Doc. 18-7).

### III. ANALYSIS

Article III of the United States Constitution, limits the jurisdiction of the federal courts to cases or controversies. Therefore, a case becomes moot when there is no viable legal issue left

to resolve. See Powell v. McCormick, 395 U.S. 486, 496 (1969). If developments occur during the course of a case which render the Court unable to grant a party the relief requested, the case must be dismissed as moot. Blanciak v. Allegheny Ludlum Co., 77 F.3d 690, 698-699 (3d Cir. 1996).

In his petition, the petitioner challenged the BOP's sentence calculation as well as the actions of the United States Parole Commission. As relief, the petitioner sought placement in a halfway house and the right to"go home" after service of eight months.

Although the petitioner has not notified the Court of a change of address, the BOP website establishes that he was released from custody on March 20, 2008, in conformity with the decision of the Parole Commission issued after the petition was filed. Accordingly, the petitioner is no longer in the custody of the BOP, and there is no relief that this Court can offer. Therefore, this case is now moot.

## IV. **RECOMMENDATION**

Based on the foregoing, the undersigned recommends that the petitioner's §2241 petition (Doc. 1) be **DISMISSED AS MOOT** and the pending Motions (Docs. 2, 14, 18, 25, and 29) be **DISMISSED AS MOOT**.

Any party may file, within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the John Preston Bailey, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States

5

v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket. The Clerk is further directed to provide copies of this Report and Recommendation to counsel of record via electronic means.

DATED: April 16, 2008

                                        /s/ James E. Seibert
                                        JAMES E. SEIBERT
                                        UNITED STATES MAGISTRATE JUDGE